# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DEZMIN L. ENGLISH**                                                          **PLAINTIFF**
ADC #155869

**V.**                           **NO. 3:25-cv-00036-JM-ERE**

**BJ CARTER and**
**R. HINDMAN**                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.   Background

*Pro se* plaintiff Dezmin L. English, an inmate at the Poinsett County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. English's complaint alleges that Detention Center officials violated his constitutional rights by failing to house him in a "pest free facility" resulting in him

suffering a rat bite. He acknowledges that after a rate bite him, the Detention Center nurse cleaned and bandaged the wound and Detention Center officials took him to the Health Department where he received at tetanus shot. He sues Captain BJ Carter and Lieutenant R. Hindman in their official capacities only seeking monetary damages.

The Court now recommends that Mr. English's claims be dismissed, without prejudice, based on his failure to state a plausible constitutional claim for relief.

## III.  Discussion

### A.  Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause

of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

**B.   Analysis**

As stated above, Mr. English's complaint alleges that Detention Center officials violated his constitutional rights by failing to house him in a "pest free facility" resulting in him suffering from a rat bite. Despite acknowledging that Detention Center officials provided him appropriate medical care to treat the rat bite, his legal claim is based on the fact that he suffered a rat bite in the first place.

At most, Mr. English alleges facts that rise to the level of negligence, which is not actionable under 42 U.S.C. § 1983. A § 1983 action must be premised upon a violation of the United States Constitution or a federal statute. See *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim).[1]

---

[1] To move forward on an inhumane conditions of confinement claim, Mr. English must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate

Because Mr. English has failed to allege facts stating a plausible constitutional claim for relief, his complaint should be dismissed.[2]

C. **Personal Involvement**

In his complaint, Mr. English names Captain BJ Carter, and Lieutenant R. Hindman as Defendants. However, Mr. English fails to allege any facts to suggest that either Defendant personally participated in any alleged unconstitutional conduct or should bear direct responsibility for any alleged constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, Mr. English has failed to state a plausible constitutional claim against Defendants.

---

indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted). Mr. English must allege facts to support both objective and subjective elements of the claim. Here, Mr. English's complaint fails to include such facts.

[2] Mr. English is free to pursue state law claims of negligence in an Arkansas state court. His pleading does not clearly indicate an intent to also bring a state law claim for negligence in this action. However, since his federal claims are being dismissed, the Court should decline to exercise jurisdiction over any supplemental state law claims that Mr. English intended to bring. See 28 U.S.C. § 1367(c)(3) (a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (holding district court, which had dismissed federal claims on which original jurisdiction was based, did not abuse its discretion in declining to exercise supplemental jurisdiction over pendent state law claim).

In addition, to the extent that Mr. English seeks to hold either Defendant liable based upon the fact that they held supervisory positions, such claims also fail. A supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

D.   **Official Capacity Claims**

Under the law, Mr. English's official-capacity claims are treated as claims against Poinsett County, Defendants' employer. *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by its employees, Poinsett County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington*, 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700

(8th Cir. 2016). But Mr. English's complaint contains no allegations suggesting that a Poinsett County policy, practice, or custom caused his injury. As a result, he has failed to plead a plausible official-capacity claim.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. English's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 12 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE